**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Catherine Jane Lynch,<br>Plaintiff,<br>v.<br>Homesmart LLC, et al.,<br>Defendants. | No. CV-26-07691-PHX-DWL<br>**ORDER** |

On October 21, 2026, *pro se* Plaintiff initiated this action by filing a complaint and paying the filing fee. (Doc. 1.) Plaintiff also filed a motion to allow electronic filing by a party appearing without an attorney and a motion for various forms of service-related relief. (Docs. 3, 4.)

Although Plaintiff's 82-page, 220-paragraph complaint is not a model of clarity, the allegations appear to stem from Plaintiff's purchase of a parcel of real property in October 2022, only to learn after closing that the property had various undisclosed flaws that render it "completely unsafe and uninhabitable." (*See, e.g.,* Doc. 1 ¶ 67.) The complaint asserts a single federal claim—the claim in Count 8 for "Due Process Conspiracy Under Title 42 U.S.C. Section 1983" (*id.* ¶¶ 154-59)—as well as 15 state-law claims in Counts 1-7 and 9-16. (*Id.* ¶¶ 108-153, 160-212.)[1] The complaint alleges that the Court has original

[1] The state-law claims are for gross negligence (Count 1), common-law fraud (Count 2), quiet title (Count 3), breach of statutory escrow mandates and fiduciary duty (Count 4), fraudulent transfer and conveyance (Count 5), aiding and abetting common-law fraud (Count 6), common-law fraud and fraudulent disclosure inducement (Count 7), civil conspiracy to defraud (Count 9), breach of fiduciary duty (Count 10), abuse of process and tortious interference with remedies (Count 11), breach of contract and breach of the implied

jurisdiction over Count 8 and may exercise supplemental jurisdiction over the remaining state-law claims in light of the presence of the federal claim. (*Id.* ¶¶ 1, 7.) The complaint names the following 13 individuals or entities as defendants: a commercial real estate brokerage (Doc. 1 ¶ 11), two individuals whose occupations are unspecified (*id.* ¶¶ 12-13), two individual realtors (*id.* ¶¶ 14-15), two realtor associations (*id.* ¶¶ 16-17), the "State of Arizona ex rel. Arizona Department of Real Estate" (*id.* ¶ 18), the private company that operates the Arizona Regional Multiple Listing Service (*id.* ¶ 19), two title agencies (*id.* ¶¶ 20-21), an individual escrow officer (*id.* ¶ 22), and an individual attorney (*id.* ¶ 23).

Although Plaintiff paid the filing fee (and, thus, her complaint is not subject to screening under 28 U.S.C. § 1915), district courts always possess discretion to dismiss *sua sponte* when a complaint fails to state a claim for relief. "Although a trial court may dismiss a claim sua sponte under Rule 12(b)(6), the court must give notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion. Even if a court does first provide proper notice, we will uphold a *sua sponte* dismissal without leave to amend only where the plaintiff cannot possibly win relief." *Reed v. Lieurance*, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (cleaned up).

The Court will focus on Count 8, the sole federal claim, because if that claim were dismissed for failure to state a claim, the Court would be disinclined to exercise supplemental jurisdiction over the remaining state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). *See also Ho v. Russi*, 45 F.4th 1083, 1086 (9th Cir. 2022) ("[T]he district court was required to provide Ho with notice and an opportunity to be heard before sua sponte declining to exercise supplemental jurisdiction and dismissing his state law claim.").

---

covenant of good faith and fair dealing (Count 12), statutory deception and breach of fiduciary duty for undisclosed dual agency (Count 13), common-law civil conspiracy and coercion (Count 14), avoidance of fraudulent conveyance and cancellation of deeds (Count 15), and action to void fraudulent conveyance and quiet title (Count 16).

The overarching problem with Count 8 is that Plaintiff is attempting to assert a § 1983 conspiracy claim against a collection of non-state actors as well as one purported state actor—the "State of Arizona ex rel. Arizona Department of Real Estate, . . . a state administrative agency." (Doc. 1 ¶ 18.) But the latter is not a proper defendant in a § 1983 action. *See, e.g., Nakanwagi v. Arizona*, 2024 WL 3413970, *1 (D. Ariz. 2024) ("The State of Arizona is the only named defendant. Plaintiff cannot assert a claim against the State of Arizona under the Civil Rights Act, 42 U.S.C. § 1983, because the State is not a 'person.'"). And without a state actor, there can be no conspiracy under § 1983. *See, e.g., Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) ("A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor."); *Hayes v. United States*, 2021 WL 5990161, *5 (C.D. Cal. 2021) ("To the extent that plaintiff is purporting to raise a conspiracy claim against defendants Mackenzie, Wolf, and Alexandra, his citation to 42 U.S.C. § 1983 is inapplicable here because no state actor is named as a defendant."); *Malone v. Yee*, 2009 WL 10672938, *4 n.8 (D. Ariz. 2009) ("To the extent that plaintiff intended to allege § 1983 conspiracy claims against the non-government defendants, those claims are dismissed with prejudice. . . . There are no state actors involved here.").

Moreover, the complaint lacks any well-pleaded, non-conclusory allegation that the Arizona Department of Real Estate engaged in the sort of conduct that is necessary to support a conspiracy claim. The complaint merely alleges that this state administrative agency "participated in the deprivation of process by maintaining systematic omission tracking and permitting administrative custom to insulate licensed corporate brokerages from explicit fraud oversight, thereby perpetuating the toxic cloud on Plaintiff's title." (Doc. 1 at 17.) But "[t]o prove a conspiracy between [a state actor] and [a private individual] under § 1983, [the plaintiff] must show an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 213 F.3d at 441 (cleaned up).

Given these seeming deficiencies, the Court is inclined to dismiss Count 8 for failure

to state a claim and then decline to exercise supplemental jurisdiction over the remaining claims. However, before doing so, the Court will give Plaintiff an opportunity to defend the sufficiency of Count 8 and respond to the Court's disinclination to exercise supplemental jurisdiction. Alternatively, Plaintiff may file an amended complaint that seeks to cure the perceived defects noted above. *See, e.g., Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect [ ], a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Finally, the Court will also grant Plaintiff's request to engage in electronic filing and deny, without prejudice, Plaintiff's request for service-related relief (because, if this action ends up being dismissed, there will be no need to address service).

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion for service-related relief (Doc. 4) is **denied without prejudice**.

2. Plaintiff's motion to allow electronic filing by a party appearing without an attorney (Doc. 3) is **granted** in this case only. The party is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.

3. Within 21 days of the issuance of this order, Plaintiff shall file a supplemental brief, not exceeding 7 pages, addressing the sufficiency of Count 8 and the Court's

disinclination to exercise supplemental jurisdiction over the remaining state-law claims if Count 8 is dismissed. Alternatively, Plaintiff may file an amended complaint by that deadline.

4. If Plaintiff chooses to file an amended complaint, any changes shall be limited to attempting to rectify the deficiencies identified in this order. Plaintiff shall also, consistent with LRCiv 15.1, attach a redlined version of the pleading as an exhibit.

5. If Plaintiff does not file either a supplemental brief or an amended complaint by the deadline, the Court will dismiss the complaint for the reasons stated above.

Dated this 23rd day of October, 2026.

Dominic W. Lanza
United States District Judge